## Richmond

AMERICAN INTERINSURANCE EXCHANGE

V.

VIRGINIA MAYTON LUCY, ADMINISTRATOR OF THE ESTATE
OF
MARTH C. MAYTON, AND LINDA MARIE MAYTON

September 11, 1981.

Record No. 800220.

Present: Harrison, Poff, Thompson, JJ. and Harman, S.J.

*Henry H. McVey, III (John M. Oakey, Jr.; McGuire, Woods & Battle,* on brief), for appellant.

*Louis C. Shell (Richard E. Lewis, Jr.; White, Hamilton, Wyche & Shell; Lewis and Lewis,* on brief), for appellees.

THOMPSON, J., delivered the opinion of the Court.

The narrow issue presented in this appeal is whether an insurance carrier is required to follow the provisions of Code § 38.1-381.5(e)(2) when a premium finance company, pursuant to a power of attorney given by the insured, requests termination of the insurance policy.

Will Rogers Mayton obtained a one-year automobile insurance policy issued by American Interinsurance Exchange (hereafter, American) effective November 12, 1976. To pay the premium, Mayton executed a premium finance agreement with Thico Plan, Inc. (hereafter, Thico), the terms of which required him to make monthly payments to Thico. As a part of this agreement, Mayton "irrevocably appoint[ed] Thico his attorney-in-fact with authority to cancel the insurance [policy] . . . for default in the payment of money due Thico . . . ."

After Mayton defaulted in his payment due June 6, 1977, Thico mailed the insurance company and Mayton a notice in which it

requested the insurer to "cancel the [Mayton] policy as of the effective date shown above [June 20, 1977], or as soon thereafter as statutory, regulatory and contractual restrictions permit." On June 21, 1977, American mailed a notice of cancellation, effective June 20, to Mayton. On July 14, 1977, Mayton was involved in a motor vehicle accident out of which the present controversy arose.

American, instituting a declaratory judgment action, alleged that it was not the insurer of Mayton on the date of the accident. Rejecting American's arguments, the trial court ruled that the notice provision of Code § 38.1-381.5(e)(2)[1] was applicable and that, because American had not complied with that notice provision, Mayton's insurance policy had not been legally cancelled. In this appeal, American's sole contention is that it was not obligated to meet the notice requirement set forth in Code § 38.1-381.5(e)(2) because of Code § 38.1-381.5(f)(2).[2]

Code § 38.1-381.5(f) provides in pertinent part:

(f) Nothing in this section shall apply:

. . . .

(2) If the named insured has notified in writing the insurer or its agent that he wishes the policy to be cancelled or that he does not wish the policy to be renewed, or if, prior to the date of expiration, he fails to accept the offer of the insurer to renew the policy.

American contends that Thico was acting for the insured pursuant to an irrevocable power of attorney, that "the named insured" through his attorney-in-fact requested cancellation, and that consequently Code § 38.1-381.5(f)(2) relieved the insurer of its obligation to comply with Code § 38.1-381.5(e)(2).

---

[1] Code § 38.1-381.5(e)(2) provides that the cancellation date shall be not less than 15 days from the date the cancellation notice was mailed or delivered if the policy is being cancelled because of the reason set forth in Code § 38.1-381.5(d)(2). Code § 38.1-381.5(d)(2) allows an insurer to cancel the insured's policy if the insured "fails to discharge when due any of his obligations in connection with the payment of premium for the policy or any installment thereof, whether payable to the company or its agent either directly or indirectly under any premium finance plan or extension of credit."

[2] While the cancellation date provided in the notice to Mayton did not meet the 15-day provision set forth in Code § 38.1-381.5(e)(2), the accident occurred more than 15 days after the notice had been mailed. American has conceded, however, that it cannot prevail if the notice requirement is applicable even though the accident occurred after the expiration of the 15-day period required by Code § 38.1-381.5(e)(2).

The issue before us is solely a question of legislative intent: When the General Assembly adopted Code § 38.1-381.5(f)(2), did the legislature intend to include within that subsection a premium finance company's request for termination of an insurance policy when the insured has given that company a power of attorney to request the policy's cancellation in the event of a default in payment of the premium? We hold that the legislature did not.

Reading Code § 38.1-381.5 in its entirety, we perceive a legislative intent to provide specified procedural safeguards to an insured when his insurance policy is terminated against his wishes. Code § 38.1-381.5(e) requires the insurer to notify the insured of the reason for cancellation, the availability of other insurance, the insured's right to a more detailed statement of the reasons for cancellation, and the insured's right to a review of the insurer's action. This requirement makes certain the insured is informed of his right to challenge involuntary cancellation in order that he may take the necessary steps to procure continuous insurance coverage when an insurer has cancelled the insured's policy against his wishes. The policy reasons for granting these rights are applicable whenever an insurance policy is being terminated involuntarily, whether by the insurance company at its own initiative or at the request of a premium finance company. The exemption provided in Code § 38.1-381.5(f)(2) is merely an acknowledgement that these procedural safeguards serve absolutely no purpose where an insured has voluntarily cancelled his policy, has indicated he does not wish to renew the policy, or has failed to accept the insurer's renewal offer.

We also perceive an intention by the General Assembly to view an insurer's cancellation of policy coverage at the request of a premium finance company to be a cancellation against the insured's wishes. One of two authorized reasons for involuntary cancellation of a policy is the insured's failure to meet premium payment obligations "whether payable to the company or its agent either directly or indirectly under any premium finance plan or extension of credit." Code § 38.1-381.5(d)(2). In addition to granting insurers the power to terminate a policy at the request of a premium finance company, the quoted language evidences the legislature's apparent conclusion that an insurer's cancellation at the request of a premium finance company is a form of involun-

tary termination triggering the procedural safeguards provided in Code § 38.1-381.5(e).

We thus conclude that when the General Assembly exempted from the safeguards of Code § 38.1-381.5(e) instances where "the named insured" has notified the insurer "that he wishes the policy to be cancelled," the legislature did not intend to exempt cancellation requests by a premium finance company, even when the insured had previously given the company a power of attorney to request such cancellation in the event of a premium payment default. Even though requested by Thico to cancel Mayton's policy, American was obliged to meet the involuntary cancellation prerequisites set forth in Code § 38.1-381.5(e)(2).

For the reasons stated, we will affirm the judgment of the trial court.

*Affirmed.*