# CIRCUIT COURT OF WISE COUNTY

Jerald B. Tompkins, Jr.

v.

Windsor-Mount Joy
Mutual Insurance Co.

August 17, 1999

Case No. L98-18

BY JUDGE FORD C. QUILLEN

The issue before the Court is whether the homeowner's policy protecting Jerald B. Tompkins, Jr., as an insured was properly cancelled pursuant to the Virginia Code and insurance policy prior to a fire loss on December 11, 1996.

The trial was heard *ore tenus*; certain documents were introduced as exhibits, including the power of attorney, policy, and notice of cancellations by ASI. Evidence showed there was an attempt by the finance company (ASI) to mail the notices of cancellation (because of the plaintiff's delinquent account) to the proper parties, although the insured (plaintiff) testified that he did not receive notice of cancellation. There was further evidence in the case that in conversations with one of the local agents, the insured was aware that his policy had been cancelled. The issue before this Court is whether the cancellation of the policy was legal, and if not, the amount of damages to which the plaintiff would be entitled by reason of a fire loss which occurred on December 11, 1996.

First, the Court will discuss whether there was a statutory requirement for notice of cancellation by the defendant insurance company. The facts show that on August 21, 1996, the plaintiff had financed the cost of the policy through ASI Finance Company, which had paid the insurance company in full the premiums for the year, but the plaintiff admitted at the hearing that he had become delinquent in payments to ASI.

The finance company (ASI), in its initial financial agreement, received from the plaintiff a power of attorney in regard to these payments. The power of attorney gives the following powers to ASI Finance Company: "I/We do hereby irrevocably for the duration of this contract constitute and appoint ASI *as my/our attorney in fact*, in the event of nonpayment of the installments or transfer of policy(ies) to a third party, *to authorize and give notice of the cancellation of the insurance policy(ies)* shown above. Further I/we agree that ASI may endorse my/our name on any check or draft for all monies that may become due from the insuring company(ies). FURTHER, I/WE ACKNOWLEDGE RECEIPT OF A COPY OF THIS AGREEMENT. Signed this 21 day of August 1996" by Jerald Tompkins.

The defendant argues that by reason of this power of attorney and the Legislature's inclusion on July 1, 1996, of an attorney-in-fact's right to cancel a policy (§ 38.2-2114(E)(3)), this alleviates the insurance company of any notice of cancellation requirement as contained in Virginia Code § 38.2-2113.

It is clear to this Court that an amendment to Virginia Code § 38.2-2214(E) stating "Nothing in this section shall apply" refers to the previous sections of this code provision dealing with the requirements for cancelling a policy and notice. Since the notice section has no application to Section E, the notice requirement does not apply to the named insured or his duly constituted attorney-in-fact.

In the examination of the insurance policy (page 6 under Cancellation Provisions), which is an exhibit in this case, the Court finds that there is no cancellation notice requirement by the insured. The policy states that the insured can cancel the policy at any time by giving written notice or return of the policy. It appears that the attorney-in-fact would qualify under that particular policy provision since the attorney-in-fact would be acting on behalf of the insured, and no notice would be required.

The reason for the lesser notice requirements on an insured or his attorney-in-fact is because when the insured notifies the insurance company of his desire to cancel his policy, he is aware of his own actions. The Legislature, by amending § 38.2-2214(E), has now placed an insured's attorney-in-fact on the same standing as the insured in regard to notice of cancellation. The insertion of this amendment to include "duly constituted attorney-in-fact" was first done by the Legislature in 1984 in present § 38.2-2212 dealing with cancellation of motor vehicle insurance. At that time, this amendment overruled the 1981 case of *American Interinsurance v. Lucy*, 222 Va. 530 (1981), which found that the Legislature would have included attorneys-in-fact in the Code if it wanted to give an attorney-in-fact of an insured the same standing as an insured. By the Legislature immediately in

1984 amending to include attorneys-in-fact in the Code with the insured in cancellation provisions in the automobile insurance section and in 1996 amending to include attorneys-in-fact with the insured in the fire insurance section, it is clear that the legislative intent in these instances is to give the attorney-in-fact the same standing as an insured.

In summary, the Court holds that by reason of the amendment to the Code § 38.2-2214(E) overruling the case of *American Interinsurance v. Lucy*, 222 Va. 530 (1981), the policy of insurance was properly cancelled.